**McArthur C. MUNDY, III,**

v.

**Andrew J. WINSTON.**

**Civ. A. No. 78–0006–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 30, 1978.

McArthur C. Mundy, III, pro se.

Guy W. Horsley, Jr., Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

On 10 February 1978 this Court entered an order dismissing without prejudice petitioner's petition for a Writ of Habeas Corpus because the petitioner was no longer in the custody of the respondent. The Court advised the petitioner to refile his petition naming the warden or superintendent of the institution where he was then incarcerated as respondent and directed the Clerk of this Court to forward the proper forms to plaintiff.

Petitioner, rather than refile naming his current custodian as defendant, appealed the Court's order of 10 February 1978 to the United States Court of Appeals for the Fourth Circuit. That Court vacated the Court's order of 10 February, and by unreported per curiam decision remanded this case for consideration in the light of *Gordon v. Leeke,* 574 F.2d 1147 (4th Cir. 1978).

The appeal of this case has delayed the consideration of the merits of plaintiff's habeas corpus petition for over five months, and has consumed a portion of the valuable time of the Court of Appeals. The mandate of the Court of Appeals did not direct specific relief to the plaintiff but directed the Court to consider *Gordon, supra. Gordon,* according to the Court of Appeals in this case, requires that the district courts "employ technically-oriented dismissal sparingly and should endeavor to provide assistance to non-legally trained complainants. . ."

The defendant Winston was entitled to his outright dismissal as a party defendant not on any technical ground but because of the fact that he didn't have custody of plaintiff. Even if a writ had issued the named defendant could not have released plaintiff or given him any other habeas relief. This disability on the part of defendant was based purely on the fact that he didn't have the body.

Further, defendant Winston had pled to the petition not by counsel furnished by the State Attorney General's Office but, instead, by the local Commonwealth's Attorney. The opinion of the Court of Appeals indicates that it read the record as showing that Mundy had been transferred from one State prison to another after the filing of his suit. However, Winston's pleading indicated that plaintiff had been transferred from a local jail to the State correctional system. This change indicated to the district court that not only had custody changed but that the lawyer representing the custodian would be different upon refiling. A mere name change would not permit the case to proceed as would have been the case had the plaintiff merely been transferred from one State prison to another as the Court of Appeals opinion indicated. It was apparent that the local Commonwealth's Attorney would properly have no further interest in the case in any event. It was also clear that he was no better situated than plaintiff to determine the identity of plaintiff's current custodian.

Since, then, a new lawyer and a new defendant would be the result of an amendment the Court considered it best, in view of experience, to direct a refiling so the matter could be promptly routed in due and customary form to the State Attorney General's Office for appropriate handling.[1] Under the circumstances it seemed evident that plaintiff could find out where he was and who was his custodian quicker and with less trouble and expense than the Commonwealth's Attorney—especially in view of the fact that the Commonwealth's Attorney has no interest in the case while the plaintiff's interest persisted. Thus, the decision was based on practicality not technicality.

■ As noted above, the Fourth Circuit also admonished the district court to "provide assistance." Obviously, the Fourth Circuit does not want judges to abandon their position of indifference and become advocates or even legal advisors to litigants. What it desires, this Court assumes, is that the district courts make the rulings required by law and precedent, but at the same time, point out to *pro se* litigants proceeding *in forma pauperis* that other avenues of relief may be available or that obstacles may be removed if and when appropriate action is taken by the *pro se* litigant. The district court should not file a motion *sua sponte* for a *pro se* litigant any more than for any other litigant. Such a motion simply may not be in the interest of the litigant or, even if in his interest, it may not represent his desires. The litigant, with some rudimentary knowledge of his alternatives indicated by the Court, must still have preserved to him the right to decide what he wants to do.

This is precisely what the Court did in the first instance in this case. By law and precedent, Sgt. Winston had to be dismissed as a party defendant. Had the Court for any reason, technical or otherwise, refused to dismiss him and instead entered an order directing him to take any action or give any relief, such an order would have represented a raw exercise of power by the Court without justification or legal excuse. Though dismissal was mandatory, the Court, in the first instance, sought to assist plaintiff by noting that the dismissal was necessitated by the fact that he was no longer in Winston's custody, by advising plaintiff that he should "refile his petition naming the warden or superintendent of the institution where he is now incarcerated as respondent," and by directing the Clerk "to forward the necessary forms to plaintiff."

None of these considerations and endeavors by the district court to provide assistance to plaintiff were mentioned by the Court of Appeals in its unreported decision in this case. It would appear from a reading of the appellate opinion that the district court had dismissed the case out of hand "for the sole reason" that plaintiff had been transferred to another custodian.

While it is true that that was the legal basis which required the dismissal it is not

1. Under special arrangement with the Attorney General service of process would be waived. No such arrangement exists with local Commonwealth's Attorneys.

true that the district court went no further and offered no assistance of plaintiff. As is pointed out above, the district court made an appropriate and sensible effort to afford plaintiff the most prompt and efficient means at hand of bringing the matter on for a hearing. The Court is unable, upon thorough consideration of *Gordon, supra,* to determine what it should have done that would have been better calculated to (1) preserve plaintiff's control over his case; (2) preserve the Court's role as an indifferent judicial officer; and (3) assist plaintiff by advising him what he might do if he so desired.

The mandate of the Court of Appeals was that this Court give the matter "consideration in light of *Gordon v. Leeke supra.*" In *Gordon,* the Court said:

A district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court. [At 1152.]

This Court has given the matter searching consideration in light of *Gordon* and it is the Court's considered opinion that *Gordon* was fully and properly complied with by the district court in the first instance.

■ The Court notes that both of the cases decided in *Gordon* were civil actions brought under 42 U.S.C. § 1983. Unlike any other civil action, a habeas corpus petition may be dismissed entirely without prejudice to the refiling of another petition, including prejudice from the effects of a statute of limitations. In *Crawford v. Zahradnick,* 577 F.2d 733 (4th Cir. 1978) (unpublished) the Court of Appeals considered a habeas corpus petition filed before *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) was decided. The petitioner had not included in his petition any allegations of the cause for his failure to comply with Virginia's contemporaneous objection rule or any allegations of prejudice attendant to his waiver of the objection in State court. Such allegations were required in *Wainwright.* The Court of Appeals affirmed the district court's dismissal, but added, "[O]ur affirmance in the instant case is without prejudice to a new application for a writ of habeas corpus if Crawford be advised that he has a factual basis on which to allege and prove 'cause' and 'prejudice.'" Slip op. at 3.

■ This disposition bolsters the Court's view that dismissal of habeas corpus petition for the defect existing here is entirely without prejudice to the rights of a prisoner to submit a new petition which does not have the defect and so may be considered on its merits by the Court. This is precisely what was done in the present case. It may be that a different procedure would be required by *Gordon v. Leeke* in a § 1983 case where there is a real risk of prejudice. But in the instant case there is no threat of prejudice. Further, the Court believes the established procedures in this district and understandings with the office of the State Attorney General are such that a new petition, properly addressed, would receive more expeditious consideration and be less burdensome upon the administrative machinery of this Court than a petition placed in limbo for want of a proper defendant. The Court does not believe that *Gordon v. Leeke* can properly be read to prohibit the procedure it adopted in this case.

Yet the Court must acknowledge that it would appear that the Court of Appeals disagrees. It is the duty of this Court to comply with mandates of the Court of Appeals as this Court understands such mandates. Though the Court might have proceeded by some different means to bring the matter on for a hearing on the merits, in light of *Gordon,* the Court cannot think of any better means of so doing. In view of the manner in which the Court of Appeals expressed its opinion in the appeal in this case, this Court is driven to the view that the assistance given plaintiff and the rationale of the procedure adopted by the

Court to bring the matter on simply was not called to the attention of the appellate judges by the parties on appeal or otherwise. Indeed, it appears there was no adversary proceeding on appeal and under such circumstances it is not surprising that some aspects of the case may not have been developed.

The Court has reconsidered its order of 10 February 1978 in the light of *Gordon v. Leeke* and determined that its prior action was correct. In strict compliance with the mandate of the Court of Appeals, the Court's inquiry ends here. However, such a holding would frustrate the purpose of this Court's order of 10 February, that is, to reach expeditiously the merits of petitioner's claim.

Accordingly, in order to move the matter on to a ruling on the merits, the Court will order that plaintiff determine the identity of his custodian and file an amendment to his petition for a writ of habeas corpus within 30 days of the entry of this order naming his custodian as respondent. Failure to do so will result in the dismissal of the petition.

An appropriate order shall issue.